# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

DAVID LEE CRUMBY,

        Movant,

v.                                                                                    Case No. 3:16-cv-05734
                                                                                       Case No. 3:05-cr-00144-01

UNITED STATES OF AMERICA,

        Respondent.

## MEMORANDUM OPINION AND ORDER

Pending before the court is Movant David Lee Crumby's (hereinafter "Defendant") Second Motion to Correct Sentence under 28 U.S.C. § 2255 (ECF No. 90). This matter is referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For reasons appearing to the Court, it is hereby **ORDERED** that the referral of this matter to the Magistrate Judge is **WITHDRAWN**.

### I.    Procedural History and Positions of the Parties

On September 6, 2005, Defendant pled guilty, pursuant to a written plea agreement, to one count of bank robbery in violation of 18 U.S.C. § 2113(a). (ECF Nos. 26, 27). On November 14, 2005, I sentenced Defendant to a 140-month term of imprisonment, followed by a three-year term of supervised release. (ECF No. 33). In determining Defendant's sentence, I found that Defendant qualified as a career offender under USSG § 4B1.1 based upon at least two prior burglary convictions. Accordingly, his advisory guideline range, after all adjustments, was 151-

188 months of imprisonment. However, I ultimately varied downward and sentenced Defendant to 140 months in prison.

Defendant's initial appeal to the United States Court of Appeals for the Fourth Circuit was voluntarily dismissed on January 6, 2006, because Defendant unsuccessfully attempted to secure a motion for substantial assistance. (ECF Nos. 48, 49, 90 at 4). Defendant then filed a prior Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, which resulted in his resentencing on January 10, 2011, in order to allow him a new period of time to file a direct appeal. (ECF Nos. 52, 66). An Amended Judgment sentencing Defendant to the same terms as the original Judgment was entered on January 12, 2011. (ECF No. 75). Although Defendant filed another Notice of Appeal, it was ultimately withdrawn on January 26, 2011. (ECF Nos. 82, 84).

On June 26, 2015, the Supreme Court decided *United States v. Johnson*, 135 S. Ct. 2551 (2015), holding that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii)[1], is unconstitutionally vague and further finding that imposition of an increased sentence thereunder violates due process.

---

1 The ACCA provides for a sentencing enhancement for a felon possessing a firearm or ammunition when the defendant has three prior convictions for violent felonies and/or serious drug offenses. 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The ACCA defined a "violent felony" as a crime punishable … by imprisonment for a term exceeding one year … that

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>

18 U.S.C. § 924(e)(2)(B) (Emphasis added). The emphasized portion of this definition is known as the Act's "residual clause." The definition of a "crime of violence" found in the career offender guideline, U.S.S.G. § 4B1.2(a), contains an identical residual clause. Thus, numerous federal prisoners who were determined to be career offenders have attempted to collaterally challenge that designation after *Johnson*.

On April 18, 2016, the Supreme Court decided *Welch v. United States*, 136 S. Ct. 1257 (2016), in which the Court determined that *Johnson* changed the substantive reach of the ACCA and, therefore, was a substantive, rather than a procedural decision, because it affected the reach of the underlying statute rather than the judicial procedures by which the statute was applied. Therefore, the Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review.

On June 14, 2016, attorney Carl E. Hostler was appointed to represent Defendant for the purpose of determining whether he qualifies for federal habeas relief in light of *Johnson*. (ECF No. 88). On June 24, 2016, Mr. Hostler filed the instant Motion to Correct Sentence (ECF No. 90) asserting that, after *Johnson*, Defendant no longer qualifies as a career offender because, absent the residual clause therein, his prior Mississippi and Alabama burglary convictions do not meet the "crime of violence" definition in USSG § 4B1.2(a). On June 29, 2016, Defendant was authorized by the United States Court of Appeals for the Fourth Circuit to file a second or successive section 2255 motion asserting a *Johnson* claim. (ECF Nos. 93, 94).

On October 11, 2016, the United States of America (hereinafter "the Government") filed a Response in opposition to Defendant's section 2255 motion. (ECF No. 105). The Government's Response asserts: (1) Defendant's motion is moot due to his release on supervised release; (2) Defendant's claims are procedurally barred; (3) *Johnson* does not apply to a challenge to a guideline sentence on collateral review; and (4) Defendant's prior convictions are enumerated offenses under the career offender guideline, which are unaffected by *Johnson*. (*Id.*) On December 6, 2016, Defendant, by counsel, filed a Reply disputing each of the Government's contentions. (ECF No. 106)

**II.     Discussion**

Although this is Defendant's second section 2255 motion, because his first motion successfully resulted his re-sentencing, albeit to the same terms, this court does not treat the instant motion as a second or successive motion. *See In re Gray*, 850 F.3d 139, 143 (4th Cir. 2017) ("[W]hen a habeas petition is the first to challenge a new judgment, it is not second or successive") (citing *Magwood v. Patterson*, 561 U.S. 320 (2010)); *see also*, *United States v. Jones*, 681 F. App'x 294 (4th Cir. Mar. 17, 2017) (unpublished) (extending *Gray* to section 2255 proceedings where resentencing constituted intervening new judgment between section 2255 motions).

However, this motion is subject to the one-year statute of limitations set forth in 28 U.S.C. § 2255(f). The one-year period runs from the latest of one of four specified events:

> (1) the date on which the judgment on conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or Laws of the United States is removed if the movant was prevented from making such motion by governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court if that right has been duly recognized by the Supreme Court and made retroactively applicable to cases on review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Here, Defendant appears to rely on the Supreme Court's decisions in *Johnson* and *Welch, supra*, to assert a timely claim for relief under section 2255(f)(3).

However, notwithstanding any other argument made by the parties, in light of the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), Defendant is not entitled to any relief under *Johnson*. In *Beckles*, the Supreme Court examined the constitutionality of the career offender guidelines' residual clause in light of *Johnson* and determined that the residual clause in the Guidelines was not unconstitutionally vague, explaining that "[u]nlike the ACCA ... the advisory Guidelines do not fix the permissible range of sentences." *Id.* at 892. Instead, the

4

Court found that the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* Thus, the Court found that "the Guidelines are not subject to a vagueness challenge under the Due Process clause" and "[t]he residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." *Id.*

Accordingly, given the *Beckles* decision, Defendant's argument that the holding in *Johnson* also invalidates the residual clause of the career offender guideline is without merit. *See also United States v. Brown*, No. 16-7056, slip op. at 5 (4th Cir. Aug. 21, 2017) (*Beckles* forecloses argument that *Johnson* invalidates all residual clauses with wording similar to ACCA's invalidated residual clause). Therefore, he cannot rely on *Johnson* to assert a timely claim for relief under § 2255. Furthermore, to the extent that Defendant's motion asserts that his prior burglary convictions do not satisfy the other clauses defining a "crime of violence" under USSG § 4B1.2(a), such a challenge does not rely on any new rule of constitutional law that has been made retroactively applicable on collateral review by the Supreme Court. Therefore, Defendant has not demonstrated that his motion is timely under 28 U.S.C. § 2255(f)(3).

Moreover, even if Defendant could demonstrate the applicability of *Johnson* to the Guidelines and the timeliness of the instant motion, because I departed below the proposed Guideline range, Defendant's sentence was not subject to the career offender enhancement and, thus, he is not entitled to any collateral relief thereon.

### III. Ruling

For all the foregoing reasons, it is hereby **ORDERED** that Defendant's Second Motion to Correct Sentence (ECF No. 90) is **DENIED**.

The clerk is **DIRECTED** to forward copies of this Memorandum Opinion and Order to Defendant, all counsel of record, the United States Probation Office, and the United States Marshals Service.

ENTER: October 2, 2017

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE